**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES E. WILLIAMS, SR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1840-G |
| | § | |
| **NORTH TEXAS TOLLWAY** | § | |
| **AUTHORITY, ARMANDO GARZA,** | § | |
| **RICK HERRINGTON, JENNIFER** | § | |
| **VARLEY, SUSAN BUSE, JANICE** | § | |
| **DAVIS, and RAY ZIES** | § | |
| | § | |
| Defendants. | § | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to Special Order No. 3-251, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is the *Motion to Dismiss* filed by Defendants Armando Garza, Rick Herrington, Jennifer Varley, Susan Buse, Janice Davis, and Ray Zies (collectively the "Individual Defendants") on May 18, 2009 (doc. 15). Based on the pertinent filings and applicable law, the Individual Defendants' *Motion to Dismiss* should be **GRANTED**.

**I. BACKGROUND**

Plaintiff sues his current employer, the North Texas Tollway Authority ("NTTA"), and six individual employees of NTTA for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* His one-paragraph complaint, filed October 15, 2008, alleges "racial discrimination, retaliations, hostile working environment, unfavorable evaluation, disparity

impact and treatment. Also unfavorable salary to other individuals in similar positions at NTTA." The Individual Defendants moved to dismiss the claims against them under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff filed a response, and the issues are now ripe for determination.[1]

## II. STANDARD OF REVIEW

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 725 (5th Cir. 2002). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). The ruling court must accept those well-plead facts as true and view them in the light most favorable to the plaintiff. *Baker,* 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). A plaintiff is required, however, to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

---

[1] Plaintiff's response does not address the legal arguments posed by the Individual Defendants in their 12(b)(6) motion.

### III.  ANALYSIS

The Individual Defendants move for dismissal under Rule 12(b)(6) arguing that Plaintiff failed to state a claim upon which relief can be granted because Title VII does not allow them to be held individually liable.

It is well settled that "individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. National Communications, Inc.*, 339 F.3d 376, 381 (5th Cir. 2003); *Amedisys*, 298 F.3d at 449; *see also Baldwin v. Layton*, 300 Fed.Appx. 321, 323 (5th Cir. 2008) (citing *Ackel* and *Amedisys*).  According to Title VII, it is unlawful for an employer to discriminate against an employee because of the employee's race or for an employer to retaliate against the employee for opposing such discrimination.  42 U.S.C. §§2000e-2(a), 3(a).  The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  42 U.S.C. § 2000e(b).  Although Title VII expressly references employers' agents, the Fifth Circuit has held the statute does not impose individual liability.  *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).  Congress's purpose in including agents within the definition of employer was to provide for *respondeat superior* liability within the coverage of the statute, it found, rather than providing for individual liability.  *Indest*, 164 F.3d at 262 (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994)).

Accordingly, Plaintiff's claims against the Individual Defendants are not cognizable under the law of the Fifth Circuit and should be dismissed for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

The Individual Defendants' *Motion to Dismiss* should be **GRANTED**, and Plaintiff's Title VII claims against the Individual Defendants should be **DISMISSED** with prejudice.

**SO RECOMMENDED** on this 25th day of June, 2009.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE